I. NEEL CHATTERJEE (SBN NO. 173985)
nchatterjee@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
Telephone:   +1-213-629-2020
Facsimile:   +1-213-612-2499

Attorneys for Plaintiff
SUPER MICRO COMPUTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUPER MICRO COMPUTER, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SCIENTIFIC TELECOMMUNICATIONS LLC,<br><br>Defendants. | CASE NO. 15-cv-4447<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 7,222,188; 6,058,429; AND 6,546,424**<br><br>**JURY TRIAL DEMANDED** |

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

COMPLAINT AND DEMAND
FOR JURY TRIAL

Plaintiff Super Micro Computer, Inc. ("Super Micro"), hereby demands a jury trial, and for its Complaint for Declaratory Judgment against Defendant Scientific Telecommunications LLC ("SciTel"), alleges as follows:

## PARTIES

1. Super Micro is a Delaware corporation having its principal place of business at 980 Rock Avenue, San Jose, California 95131. Super Micro was founded in 1993 and operates primarily in the server technology and green computing solution sectors. Super Micro offers a broad line of products that include components for building server solutions for a wide range of applications, including, but not limited to, Layer 3 switches.

2. Upon information and belief, SciTel is a Delaware Limited Liability Company operating out of a virtual office at 913 North Market Street, Suite 200, Wilmington, Delaware 19801. SciTel was founded on September 8, 2014. Upon information and belief, SciTel has not practiced its patents since its entity was formed. Instead, Super Micro is informed and believes that SciTel operates primarily as a patent licensing entity.

## JURISDICTION AND VENUE

3. As set forth herein, subject matter jurisdiction, personal jurisdiction, and venue are proper in this Court.

4. Upon information and belief, SciTel purports to be the assignee of all right and title to various United States patents, including: U.S. Patent Nos. 7,222,188 ("the '188 Patent"); 6,546,424 ("the '424 Patent"); and 6,058,429 ("the '429 Patent"). True and accurate copies of the '188, '424, and '429 Patents (collectively, "the SciTel Patents") are attached to this Complaint for Declaratory Judgment as **Exhibits A-C.**

5. Many of the party witnesses are located in the Northern District of California. Super Micro was founded in San Jose, California, and has remained in the same location since the company's inception. Super Micro's executive leadership and the heads of its U.S. departments are all located in Northern California.

6. Upon information and belief, many of the non-party witnesses are located in the Northern District of California. Donald Byrne and Jan Bialkowski are named inventors of the

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

COMPLAINT AND DEMAND
FOR JURY TRIAL

'188 Patent and the '429 Patent and are believed to reside in Northern California. In addition, the inventions of all three of the SciTel Patents were developed at Bay Networks, which had its principal place of business in Santa Clara, California. Many key former employees of Bay Networks, such as former Executive Vice President of Global Operations Ralph Russo, still reside in Northern California.

7. Upon information and belief, SciTel acquired the SciTel Patents from a portfolio owned by Trident IP Solutions LLC ("Trident"). In a press release dated March 31, 2014, the SciTel Patents were among six separate patent portfolios offered for sale by Trident.

8. Upon information and belief, SciTel asserted, and continues to assert, the SciTel Patents against technology companies. SciTel brought suit for all three of the SciTel Patents against Brocade Communications Systems, Inc. ("Brocade") in Delaware. Brocade's world headquarters are within the Northern District of California. Brocade moved to transfer the case to Northern California, arguing that Northern California was the appropriate venue. The case settled prior to resolution of the motion. SciTel also brought suit for the '188 Patent and the '429 Patent against Juniper Networks, Inc. ("Juniper") in Delaware. Juniper's world headquarters are also in the Northern District of California. Juniper also moved to transfer the case to Northern California. The motion was not ruled upon, as the parties appear to have settled.

9. Upon information and belief, SciTel retained Russ August & Kabat, a California law firm, as counsel for all of its previous litigation involving the patents-in-suit.

10. Upon information and belief, SciTel retained Capital Legal Group PLLC, a Washington D.C. law firm, as counsel for this dispute to discuss licensing of SciTel's patent portfolio.

11. By letter dated March 3, 2015, SciTel, through its counsel, informed Super Micro that SciTel is the owner of the '188, '424, and '429 Patents. SciTel alleged that Super Micro "should be interested in licensing opportunities related to the SciTel patents" because Super Micro "sells Layer 3 Switches and other products." In that letter, SciTel demanded that Super Micro engage in licensing negotiations and threatened that "[SciTel] will take all steps necessary

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

-2-

COMPLAINT AND DEMAND
FOR JURY TRIAL

to protect its intellectual property rights." SciTel sent this letter to Super Micro in San Jose, California.

12. By letter dated April 17, 2015, SciTel, through its counsel, informed Super Micro that it had initiated litigations against Brocade and Juniper. SciTel again demanded that Super Micro engage in licensing negotiations and threatened that "[SciTel] will take all steps necessary to protect its intellectual property rights." SciTel sent this letter to Super Micro in San Jose, California.

13. In response to Super Micro's denial that the accused products infringe the SciTel Patents, SciTel, by letter dated July 21, 2015, stated that it "believe[s] that Super Micro products still infringe." This letter was also sent to Super Micro in San Jose, California.

14. By letter dated June 25, 2015, Super Micro responded to SciTel's allegations by setting forth a detailed analysis explaining why Super Micro's products do not infringe the asserted SciTel Patents. Despite Super Micro's explanations and subsequent correspondence, SciTel has continued to contact Super Micro unabated and insists on making a meritless infringement assertion.

15. As a result of SciTel's repeated assertions of its patent rights against Super Micro and Super Micro's belief in its right to engage in business without a license to the SciTel Patents, an actual controversy has arisen and now exists between the parties as to whether Super Micro infringes, contributes to the infringement of, or induces the infringement of any valid claim of each of the '188 Patent, the '424 Patent, and/or the '429 Patent.

**COUNT ONE – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,222,188**

16. Super Micro repeats and incorporates by reference its allegations in the foregoing paragraphs.

17. An actual controversy has arisen and now exists between the parties as to whether Super Micro infringes, contributes to the infringement of, or induces infringement of any valid claim of the '188 Patent.

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

-3-

COMPLAINT AND DEMAND
FOR JURY TRIAL

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Super Micro requests a declaration from the Court that Super Micro has not infringed any valid claim of the '188 Patent, either directly, contributorily, or by inducement or either literally under the doctrine of equivalents.

**COUNT TWO – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,546,424**

19. Super Micro repeats and incorporates by reference its allegations in the foregoing paragraphs.

20. An actual controversy has arisen and now exists between the parties as to whether Super Micro infringes, contributes to the infringement of, or induces infringement of any valid claim of the '424 Patent.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Super Micro requests a declaration from the Court that Super Micro has not infringed any valid claim of the '424 Patent, either directly, contributorily, or by inducement or either literally under the doctrine of equivalents.

**COUNT THREE – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,058,429**

22. Super Micro repeats and incorporates by reference its allegations in the foregoing paragraphs.

23. An actual controversy has arisen and now exists between the parties as to whether Super Micro infringes, contributes to the infringement of, or induces infringement of any valid claim of the '429 Patent.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Super Micro requests a declaration from the Court that Super Micro has not infringed any valid claim of the '429 Patent, either directly, contributorily, or by inducement or either literally under the doctrine of equivalents.

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

-4-

COMPLAINT AND DEMAND
FOR JURY TRIAL

## RESERVATION OF RIGHTS

25. Super Micro hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## PRAYER

WHEREFORE, Super Micro prays for judgment as follows:

1. A declaration that Super Micro has not infringed, either directly or indirectly, any valid and enforceable claim of the '188, '424, and '429 Patents;

2. A declaration that this case be considered exceptional under 25 U.S.C. § 285, and that Super Micro be awarded its costs and attorney's fees to be paid by SciTel;

3. An award of any and all equitable relief to which Super Micro is entitled; and

4. Such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Super Micro Computer, Inc. hereby demands a trial by jury on all issues so triable.

Dated: September 28, 2015

I. NEEL CHATTERJEE
Orrick, Herrington & Sutcliffe LLP

By:   */s/ I. Neel Chatterjee*
I. NEEL CHATTERJEE
Attorneys for Plaintiff
SUPER MICRO COMPUTER, INC.

ORRICK
HERRINGTON
& SUTCLIFFE LLP
SILICON VALLEY

-5-

COMPLAINT AND DEMAND
FOR JURY TRIAL